

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-21-00256-CR
No. 07-21-00257-CR
_____

GILBERT FERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Collingsworth County, Texas
Trial Court Nos. 3062 & 3063, Honorable Stuart Messer, Presiding

October 3, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Gilbert Fernandez appeals his convictions for murder and two counts of aggravated assault. His sole issue deals with the sufficiency of the evidence underlying his guilt on one count of aggravated assault. Through the at-issue count, the State charged him with "intentionally, knowingly, or recklessly, caus[ing] bodily injury to Frankie

Lynn Cannon by burning the body of the said Frankie Lynn Cannon" while using or exhibiting a deadly weapon, namely a blow torch. Allegedly, the State failed to prove that burning the victim before death caused bodily injury. We affirm.

The standard of review is that explained in *Garcia v. State*, 367 S.W.3d 683 (Tex. Crim. App. 2012). We apply it here.

The *Garcia* court further alluded to "bodily injury" as meaning physical pain, illness, or any impairment of physical condition. *Id.* at 687-88 (quoting TEX. PENAL CODE ANN. § 1.07(a)(8)). Regarding the pain component, we were told not only that "[a]ny physical pain, however minor" suffices to prove bodily injury but also that a fact finder may infer the victim actually felt pain because people understand pain and some of its causes. *Garcia*, 367 S.W.3d at 688. For instance, in *O'Neal v. State*, we held that a burn on the child's abdomen permitted "a rational juror to infer beyond reasonable doubt that the infant experienced physical pain when it occurred." *O'Neal v. State*, No. 07-15-00274-CR, 2016 Tex. App. LEXIS 8927, at *5-6 (Tex. App.—Amarillo Aug.16, 2016, pet. ref'd) (mem. op., not designated for publication).

Here, appellant admitted to the investigating officer that he and several others struck the victim with a bat and burned him with a blow torch. Another witness described how the victim's hands were burned with a lighter as a prelude to transporting the individual elsewhere to be shot in the head four times. People of common intelligence would understand that being burned generally causes some pain. *See e.g., O'Neal, supra.* So, the jury at bar was free to infer that appellant's victim suffered some pain when burned by the blow torch, even though no one so testified. *See Wiegand v. State*, No. 13-21-00157-CR, 2022 Tex. App. LEXIS 5786, at *8 (Tex. App.—Corpus Christi Aug.11,

2

2022, no pet.) (mem. op., not designated for publication) (quoting *Coleman v. State*, 631 S.W.3d 744, 751 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd) (stating that "'no witness—including the victim—need testify that the victim felt pain'"). And, this means evidence viewed in the light most favorable to the verdict existed which permitted a rational trier of fact to find the essential element in question beyond a reasonable doubt, that element being bodily injury through burning.

We overrule appellant's sole issue and affirm the judgments of the trial court.


Brian Quinn
Chief Justice


Do not publish.